UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JOSH GARRETT,                                    Case No.

        Plaintiff,                             Hon.

vs.

TOTAL HOLISTIC CULTIVATION, LLC,
a Michigan limited liability company,

        Defendant.
_____/

Gerald D. Wahl (P26511)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
gwahl@sterlingattorneys.com
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Josh Garrett ("Garrett"), by and through his counsel, Sterling Attorneys at Law, P.C., to complain against Defendant for the following reasons:

### Jurisdictional Allegations

1. Garrett is a resident of Mt. Pleasant, Clare County, Michigan and is an adult citizen of the United States.

2. Defendant Total Holistic Cultivation, LLC ("THC") is a limited liability company organized and existing under the laws of the State of Michigan

with its principal place of business in Clare, Isabella County, Michigan and is generally engaged in the cultivation and sale of cannabis products.

3. Jurisdiction is vested in this Court pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC 201, *et seq.*, supplemental jurisdiction claimed for Counts II and III.

4. Venue is appropriate to this Court as the acts complained of occurred in Isabella County.

## Common Allegations

5. Garrett began his employment as a harvester/trimmer on or about January 23, 2022 at THC's Clare facility.

6. His compensation was either wages per hour or piece work pay of $160 a pound (dry weight) of a trim, whichever was greater. Plaintiff was primarily involved in trimming, approximately 20% of his work harvesting.

7. At all times hereto, Garrett performed his job duties in a competent fashion, never having been criticized for his work except under the circumstances complained of herein.

8. On July 23, 2022 at 11:00 a.m., Garrett's supervisors informed Garrett and approximately a dozen other employees, "you're not getting paid because the weed trimmed looks like shit." Additionally, "you don't have to be here."

2

9. Garrett and the others were told that the supervisor had convinced the general manager to let the trimmers further clean the cannabis, but they had to do it for "free." The trimmers were told to "suck it up" and do the work.

10. Garrett informed his supervisor that he was leaving because he, and others, did not work for "free."

11. Garrett and others were told that "whoever leaves is going to be fired."

12. Garrett estimates that it would have taken more than eight hours to clean up the bag of cannabis; he left work.

13. At 12:30 p.m. on July 23, Garrett requested paid time off for the remainder of the day, which was denied two days later by Defendant's owner.

14. On July 24, Garrett showed up at THC to begin his shift at 8:00 a.m., and was informed by his management that he was fired.

## COUNT I – FLSA VIOLATIONS

15. Plaintiff incorporates paragraphs 5-15 of the Common Allegations as though fully restated herein.

16. Garrett's complaint that he and others would not work for free was an assertion of rights under the FLSA, 29 USC 215(a)(3).

17. THC's requirement of Garrett and others to work without compensation is a violation of the FLSA requirements of minimum wage and constitutes wage theft.

18. Defendant's actions resulted in the wrongful discharge of Garrett, and were willful within the meaning of the statute.

WHEREFORE, Garrett prays for judgment against THC compensating him for economic losses, both present and future, liquidated damages, costs, and attorneys' fees.

### COUNT II – WFBA

19. Plaintiff incorporates paragraphs 5-15 of the Common Allegations as though fully restated herein.

20. THC's termination of Garrett proximately caused his economic losses in violation of the Michigan Wage and Fringe Benefit Act ("WFBA") protections.

21. Garrett's termination and his economic losses were proximately caused by his asserting rights under the WFBA to not work without compensation, protesting on behalf of himself and others, THC's violations of the WFBA.

WHEREFORE, Plaintiff prays for judgment against THC for lost wages, both present and future, civil penalty of $1,000, attorneys' fees, costs, and transcript costs, and exemplary damages.

## COUNT III – PUBLIC POLICY

22. Plaintiff incorporates paragraphs 5-15 of the Common Allegations as though fully restated herein.

23. Garrett exercised his statutory rights on behalf of himself and others for pay for work to be performed in violation of the WFBA and the FLSA under all three public policy exceptions to termination at will; implied and expressed protections of his employment status by the statutes for his refusal to violate laws, and further implied protection when his refusal to work for free was an exercise of a right conferred by the statutes.

24. As a proximate result of THC's illegal discharge of Plaintiff, Garrett has suffered economic losses, both present and future, and sustained emotional injury.

WHEREFORE, Plaintiff prays for judgment against THC for economic losses, present and future, consequential damages, costs, and attorneys' fees.

## JURY DEMAND

Plaintiff Josh Garrett, by his attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Gerald D. Wahl
      Gerald D. Wahl (P26511)
      Attorney for Plaintiff
      33 Bloomfield Hills Pkwy., Ste. 250
      Bloomfield Hills, MI 48304
      (248) 644-1500

Dated: September 16, 2022